# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

LAMAR COMPANY, et al. )
                Plaintiffs, )
                 )
v. )    No. 08-00168-CV-W-FJG
                 )
CITY OF KANSAS CITY, MISSOURI, )
                 )
                Defendant. )

## ORDER

Pending before the Court is Plaintiffs' Motion for Remand (Doc. No. 6). Plaintiffs filed their action in Jackson County Circuit Court on January 29, 2008. Defendant removed this matter from the Jackson County Circuit Court on March 6, 2008 (Doc. No. 1). Plaintiffs' Petition alleges violations of plaintiffs' federal due process and equal protection rights, first amendment rights, the federal contract clause, the commerce clause, and plaintiffs' rights under 42 U.S.C. §§ 1983 and 1988. The Petition also alleges an inverse condemnation claim and other state law claims as grounds for relief. Specifically, plaintiffs challenge the legality and constitutionality of amendments to the City's sign ordinance, which is part of the City's zoning code, Section 80. Plaintiffs further allege that the new sign amendments reflected in the ordinance enact changes to the City's sign zoning code that effectively ban the placement of outdoor signs and impose undue restrictions on plaintiffs' property. Because plaintiffs' petition asserts federal claims, defendants removed this matter based upon federal question jurisdiction under 28 U.S.C. § 1331.

Plaintiffs, however, request that this matter be remanded to state court because plaintiffs filed an amended complaint without federal claims and only retained their claims under the Missouri Billboard Act and the Missouri Constitution, including the inverse

condemnation claim. Plaintiffs state that the amended complaint has been filed solely for purposes of judicial economy, to avoid unnecessary litigation and expense, to prevent the possibility of parallel litigation, and to maintain the lawsuit's core claims challenging the local legislation, the New Sign Ordinance. Plaintiffs' primary argument for remand is that their inverse condemnation claim must be litigated in state court. A federal takings claim is not ripe until the plaintiff has unsuccessfully attempted to obtain just compensation through the procedures provided by the state court for obtaining such compensation. Williamson County Regional Planning Com'n v. Hamilton Bank of Johnson City, 473 U.S. 172, 195, 105 S. Ct. 3108, 3121 (1985); see also Kottschade v. City of Rochester, 319 F.3d 1038, 1039-40 (8th Cir. 2003)(stating that parties seeking just compensation under a federal takings claim should first utilize state court procedures including the filing and prosecution of an inverse condemnation claim in state court); McKenzie v. City of White Hall, 112 F.3d 313, 317 (8th Cir. 1997)(holding that the plaintiff must obtain a final decision in state court before pursing a federal takings claim in the federal arena).

Defendant did not oppose plaintiffs' motion to remand as long as plaintiffs' federal claims were dismissed with prejudice. Defendant did not address or respond to plaintiffs' arguments.

The Court finds remand is appropriate in this matter. Plaintiffs amended their Complaint on March 27, 2008 before defendant filed its answer. When plaintiffs amended their Complaint, they removed all the federal claims pending before this Court and only left their state claims under the Missouri Constitution, the Missouri Billboard Act, and their inverse condemnation claim. Therefore, because plaintiffs removed the federal claims in this matter, this Court no longer has federal question jurisdiction to hear plaintiffs' state law

claims. Further, the law in the Eighth Circuit requires that plaintiffs litigate their inverse condemnation claim in state court before it is ripe in a federal forum. Kottschade, 319 F.3d at 1040; McKenzie, 112 F.3d at 317. Additionally, the Court denies defendant's request to dismiss plaintiffs' federal claims with prejudice. A party may amend its pleadings once as a matter of course before a responsive pleading is filed. Fed. R. Civ. P. 15(a)(1)(A). Further, the circumstances presented in this case does not warrant a finding that plaintiffs' federal claims be dismissed with prejudice. At most, these claims would be a dismissal without prejudice under Fed. R. Civ. P. 41(a). Also, it would be unfair to dismiss plaintiffs' federal claims with prejudice when the federal takings claim is not even ripe until plaintiffs litigate their claim in state court. Accordingly, plaintiffs' Motion for Remand (Doc. No. 6) is **GRANTED**. This case is hereby remanded to the Jackson County Circuit Court for further proceedings.

    **IT IS SO ORDERED.**

Date: 6/2/08  
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**  
Fernando J. Gaitan, Jr.  
Chief United States District Judge